PALMER *v.* PALMER.

1. EQUITY PLEADING — SPECIFIC PERFORMANCE — AMENDMENTS ON
   APPEAL.
   The fact that the complainant in a bill for the specific perform-
   ance of a contract for the conveyance of land failed to aver a
   willingness to pay a mortgage upon the land, to which pay-
   ment he was bound by the contract sought to be enforced,
   will not control the decision upon an appeal from a decree of
   the circuit judge wholly denying to the complainant the
   relief to which, but for the omission, he would have been
   entitled, since an amendment may be allowed in the Supreme
   Court to remedy the defect.

2. SAME—MODIFICATION OF DECREE—COSTS.
   Where complainant in a bill for specific performance was per-
   mitted in the Supreme Court to amend his pleading by sup-
   plying an averment of willingness to fulfill the conditions of
   the contract, for the want of which averment the bill was
   dismissed by the circuit judge, and was granted conditionally
   the relief sought, he was allowed costs of the appellate court,
   but not of the court below.

Appeal from St. Clair; Vance, J.   Submitted June 18,
1897.   Decided October 1, 1897.

Bill by Miles W. Palmer against James Palmer, ad-
ministrator of the estate of John Palmer, deceased, and
others, for the specific performance of a land contract.
From a decree for defendants, complainant appeals.
Modified.

*Atkinson & Wolcott*, for complainant.

*Henry P Jenney*, for defendants.

MONTGOMERY, J.   This is a bill for specific perform-
ance.   On the 12th day of July, 1881, complainant was
living at the home of his father, John Palmer, and on
that day a bond for a deed was made, running to com-

plainant. The property was misdescribed in this instrument, and both by the testimony of the facts appearing at the time and by evidence of subsequent dealings it appears that the contract did not express in full the agreement between the parties. The real agreement was that complainant should remain at home during his father's lifetime, and work the farm, consisting of the land in question and another 40 acres. And while the testimony is not very explicit as to what should be done with the proceeds of the crops from the 40 in question, we incline to agree with the circuit judge that it was not intended that these should go to the father. It was agreed, however, that the complainant should pay off a mortgage of $400, covering the entire 80, and running to Caroline Ferguson. The 40 intended to be described was the S. W. ¼ of the S. W. ¼ of section 22, township 7 N., of range 14 E. By a subsequent agreement, the deceased and his wife joined in a mortgage of $850, covering the entire 80 acres, and running to one Brabb, the complainant assenting thereto, and agreeing to pay so much of the same as was used to pay off the Ferguson mortgage; i. e., $400. After the death of John Palmer, which occurred in January, 1891, defendant James was appointed administrator. A claim was allowed in favor of defendant Joseph, together with one or two other small claims, and proceedings were taken to sell the land. Pending the sale an appeal was taken by complainant from the allowance of Joseph's claim, but the sale took place, and defendant Popplewell became purchaser. We are satisfied that defendant Popplewell had knowledge of complainant's equities.

The complainant, after the contract was made, built a barn on the property, and continued to live at home during his father's lifetime with the exception of one year, and we are not satisfied that either the decedent or the complainant understood that the contract was forfeited by this absence. Complainant's brothers were left in charge of the farm, and complainant did not wholly relinquish his charge of it. The crop apparently went to the sup-

port of the family. From time to time complainant paid his interest on the Brabb mortgage, and made some effort to have the mortgage divided, so that he could pay his portion; but this the mortgagee refused to do. The matter ran along, and the mortgage was not paid, but has, since the death of John Palmer, been foreclosed, evidently in the interests of Mrs. Palmer, and the property bid in by Popplewell.

We are satisfied that complainant has substantially performed his contract with the exception of paying off his portion of the mortgage, and that it would be manifestly inequitable to deny him relief wholly, unless there is some insuperable objection to it. This case is incumbered with a history of other transactions between complainant and his mother, which need not be discussed, as they do not affect complainant's right to the 40 in question. Complainant did not, by his bill, offer to pay the mortgage. Should this wholly preclude relief? We think not. The court has power to permit an amendment at the hearing. *Butler* v. *Railroad Co.*, 85 Mich. 246 (24 Am. St. Rep. 84). As a condition to relief, the complainant will be required to refund to defendant the amount paid by him of the original sum secured by the Ferguson mortgage, and, as the bill contained no offer to do this, we think the complainant should not recover costs in the court below.

Decree will be entered in this court for specific performance on payment into court of the amount due on the mortgage, with interest at 8 per cent., less costs of this court, which complainant will be allowed to offset against defendant's claim.

The other Justices concurred.